UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RANDY MEADOWS,**<br><br>　　　　**Plaintiff,**<br><br>　　vs.<br><br>**FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC, WELLS FARGO BANK, BANK OF AMERICA,**<br><br>　　　　**Defendants.** | **Case No.: 11-CV-5754 YGR**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANTS WELLS FARGO BANK, N.A. AND BANK OF AMERICA, N.A. TO DISMISS WITH LEAVE TO AMEND** |

　　　　Plaintiff Randy Meadows ("Plaintiff") brings this action against Defendants Wells Fargo Bank, N.A. and Bank of America, N.A. ("the Banks") for improprieties in connection with a modification of his mortgage loan. Plaintiff alleges claims for: (1) breach of contract; (2) promissory estoppel; (3) fraud; (4) violation of the Equal Credit Opportunity Act, 15 U.S.C. §1691 ("ECOA"); (5) negligence; (6) violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200 and 17500 ("UCL"); and (7) declaratory relief.

　　　　The Banks have filed a Motion to Dismiss all claim on the grounds that Plaintiff does not allege a basis upon which relief can be granted per Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having carefully considered the papers submitted and the pleadings in this action,

andfor the reasons set forth below, the Motion to Dismiss is hereby **GRANTED IN PART WITH LEAVE TO AMEND, AND DENIED IN PART**.[1]

## SUMMARY OF ALLEGATIONS

Plaintiff Randy Meadows brings this action to enforce an alleged modification agreement with defendant Wells Fargo Home Mortgage ("Wells Fargo"). Plaintiff alleges that Wells Fargo agreed, in August 2010, to modify his monthly home loan payments. Prior to that agreement, over the course of nearly two years, Plaintiff alleges that Wells Fargo induced him to pay more than $75,000 based on the promise of a loan modification. He made monthly payments, large balloon payments ($10,000.00 and $11,259.25) and submitted monthly financial hardship letters and worksheets. (Complaint ¶¶ 16-23.) In August 2010, after performing on a trial modification and agreement plan, Wells Fargo advised Plaintiff that it would agree to a modification and accept reduced monthly payments. Relying on Wells Fargo's promise of a modification and a writing memorializing that modification, Plaintiff made (and Wells Fargo accepted) the reduced payment for several months. (Complaint ¶23.) Plaintiff alleges that he waited for the written modification to arrive, and inquired about it repeatedly, but was assured that the documents had been sent to him and that he should not worry because the agreement was "in the system." (Complaint ¶ 24.)

Then, in July of 2011, Wells Fargo declined to accept Plaintiff's payment and instead advised Plaintiff that his home was in "active foreclosure." (Complaint ¶ 26.) However, the representative requested additional tax and hardship documentation from Plaintiff and promised "to do everything to keep Plaintiff and his family in their home." (Complaint ¶ 26.) Plaintiff continued to contact Wells Fargo twice a week. On September 22, 2011, he was told to submit

---

[1] As stated in the Notice issued by the Court on August 30, 2012, this motion was determined to be appropriate for decision without oral argument, per Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78, and the hearing set for September 4, 2012 was vacated.

updated hardship information and pay stubs.  Thereafter, Wells Fargo confirmed receipt of the materials and stated that "this was all the information that was needed."  (Complaint ¶ 27.)  However, Plaintiff received a Notice of Trustee sale on October 17, 2011.  (Complaint ¶ 28.)  A foreclosure sale date was set for November 7, 2011.  Despite that, a Wells Fargo representative told Plaintiff that there would be a "further decision on the loan modification" on Wednesday November 9, 2011. (Complaint ¶ 29.)  Just prior to the filing of the instant complaint, a Wells Fargo representative, advised that the underwriter had sent the Plaintiff's file to Bank of America, the investor, and that a further decision would be made in seven to ten days.  (Complaint ¶ 30.)  Plaintiff alleges that the modification was not final because the investor, Bank of America, had not approved the modification.  (Complaint ¶ 1.)

## STANDARDS APPLICABLE TO THE MOTION

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is generally limited to the contents of the complaint.  *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir. 1995).  All allegations of material fact are taken as true.  *Erickson v. Pardus,* 551 U.S. 89, 93, 94 (2007).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("*Iqbal*").

A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46.  "So long as the Plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceeding when the Plaintiff's case can be rejected on evidentiary grounds." *Balderas v.*

*Countywide Bank,* 664 F .3d 787, 790 (9th Cir. 2009). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("*Twombly*"). Thus, a motion to dismiss will be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59.

**A.        Bank of America**

Plaintiff's complaint does not allege a basis for holding Bank of America liable. The most liberal reading of the complaint reveals only that Bank of America was an investor in the note on Meadows' home. (Complaint ¶¶ 1, 30.) Plaintiff alleges that Bank of America, as the investor, did not approve the modification, and therefore the foreclosure went forward. (Complaint ¶ 1.) Plaintiff does not allege any theory for holding Bank of America liable on the claims he has alleged (breach of contract, promissory estoppel, fraud, etc.). In his opposition, Plaintiff argues that Bank of America could be held liable either because Bank of America is a successor in interest to Wells Fargo or because Wells Fargo was acting as the agent of Bank of America. Plaintiff also contends that Bank of America can be considered to have aided and abetted the alleged fraud.

None of these theories is pleaded, nor is it clear that Plaintiff can plead facts necessary to state a plausible claim against Bank of America on these theories. Indeed, it is not clear from the current pleading which defendants Plaintiff alleges are liable on which claims. Plaintiff is given leave to amend to state which claims are alleged against Bank of America and the basis for its liability on those claims.

**B.        Breach of Contract Claim**

Plaintiff alleges that Wells Fargo entered into an oral agreement to modify the loan in August 2010 and promised to memorialize the agreement in writing. Plaintiff further alleges that

4

Wells Fargo breached the agreement by refusing to continue to perform on or about July of 2011. Defendants' argue that any action on the alleged contract is barred by the statute of frauds and that, alternatively, the contract fails for lack of consideration.

A contract of a type that falls within the requirements of the statute of frauds is invalid unless memorialized in a writing subscribed by the party to the charged, i.e. the defendant. See Cal. Civ. Code §1624; *Secrest v. Security Nat'l Mortgage Loan Trust 2002–2*, 167 Cal. App. 4th 544, 552 (2008). Mortgage notes and deeds of trust fall are subject to the statute of frauds. Cal. Civil Code §§ 1624, 2922; *see, e.g.*, *Phillippe v. Shapell Indus.*, 43 Cal.3d 1247, 1258 (1987). Further, "[a]n agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds." *Secrest,* 167 Cal. App. 4th at 553; *see also Gammad v. CitiMortgage, Inc.*, No. C 11–3531 MMC, 2011 WL 6728951, *3 (N.D. Cal. Dec. 21, 2011) (invoking statute of frauds to reject borrower's breach of contract claim arising out of lender's oral promise to modify loan). Thus, any loan modification or forbearance agreement would be subject to the statute of frauds.

Plaintiff argues that there are likely to be sufficient writings in the Banks' records to satisfy the statute of frauds. However, as with the theory of Bank of America's liability, he has not pleaded this as a basis for avoiding the statute of frauds bar. Plaintiff further argues that his performance on the loan modification agreement removes the agreement from the statute of frauds requirements. However, performance on an oral agreement will avoid the bar of the statute of frauds only when such performance consists of something other than payment of money owed. *Secrest*, 167 Cal.App.4th at 556 (citing *Anderson v. Stansbury,* 38 Cal.2d 707, 716 (1952)). Here, the only performance called for, and alleged to have occurred, is payments according to the terms of the alleged modification agreement. This is not sufficient.

While a plaintiff is not required to anticipate and plead a response to every defense that might be raised, when the basis for dismissal appears from the face of the complaint, Plaintiff is required to plead around the basis for dismissal. Thus, when a plaintiff alleges an oral agreement of a type required to be in writing, additional facts must be alleged to plead around to avoid the statute of frauds bar. *See, e.g., Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428 (N.D. Cal. Dec. 14, 2010). Here, Plaintiff has not alleged any basis to take alleged oral contract out of the statute of frauds. The motion to dismiss is **GRANTED** on the claim for breach of contract. While Plaintiff's ability to plead around statute of frauds appears doubtful, the Court nevertheless **GRANTS LEAVE TO AMEND**.[2]

**C.       Promissory Estoppel Claim**

Plaintiff alleges, in the alternative to his contract claim, that Defendants should be estopped from refusing to abide by the alleged modification agreement based upon the doctrine of promissory estoppel. The absence of consideration, while fatal to a contract claim, does not defeat a claim based on promissory estoppel. *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1040-41, 107 Cal. Rptr. 3d 683, 691-92 (2010), reh'g denied (May 5, 2010), review denied (June 23, 2010). Instead, "[u]nder this doctrine a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement." *Youngman v. Nevada Irrigation Dist.,* 70 Cal.2d 240, 249 (1969). The elements of a claim for promissory estoppel are: "'(1) a promise clear and

---

[2] Defendants further argued that the contract claim fails for lack of consideration and as an illusory agreement to agree. The Court does not reach these arguments in deciding this motion. However, the Court notes that additional fees and charges that are added to the principal amount owed may be considered sufficient consideration, at least at the pleading stage. *See Sviridyuk v. BAC Home Loan Servicing, LP*, 2012 WL 174791 (D. Or. Jan. 20, 2012). Further, even if the oral agreement alleged is construed to be an agreement to *consider* a loan modification, "[a] contract to negotiate the terms of an agreement is not, in form or substance, an 'agreement to agree,'" and may be an enforceable agreement. *Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1257-58 (2002).

6

unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.'" *Advanced Choices, Inc. v. State Dept. of Health Services,* 182 Cal.App.4th 1661, 1672 (2010) (quoting *U.S. Ecology, Inc. v. State of California,* 129 Cal.App.4th 887. 901 (2005)).

Defendants argue that Plaintiff has not alleged any detrimental reliance, only an obligation to make payments that were already due.  Plaintiff counters that he has alleged more than just an obligation to make payments on the original debt.  He argues that he incurred continuing costs and fees in excess of the amounts he had originally obligated himself to pay and that he made lump sum payments that caused him to incur penalties for withdrawal from his 401K retirement savings.

A claim for promissory estoppel cannot be established where the action taken in reliance on the promise to hold off on a foreclosure was nothing more than the borrower's agreement to resume making payments on the promissory note.  *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 275 (2011).  However, allegations that the plaintiff undertook new obligations or forewent other options can establish reliance for purposes of a promissory estoppel claim.  Specifically in the context of forbearance and loan modification agreements, California courts have found when borrowers undertake or forego actions in reliance on that promise, such allegations are sufficient to support reliance and promissory estoppel.  *See Aceves v. U.S. Bank, N.A.* 192 Cal.App.4th 218, 226 (2011) (allegations that borrower decided to forego bankruptcy relief based upon the lender's promise to negotiate a loan modification sufficiently alleged reliance); *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1041, reh'g denied (May 5, 2010), review denied (June 23, 2010) (borrowers' actions in procuring a high cost, high interest loan secured by other property in order to make a lump sum payment lender represented would forestall foreclosure sufficient to support detrimental reliance); *see also Salcido v. Aurora Loan Services*, 2012 WL 123280 (C.D. Cal. Jan.

17, 2012) (borrower reasonably relied upon promise to negotiate a loan modification by making improvements to her home and by not filing for bankruptcy).

While Plaintiff does allege making lump sum payments, it is not clear that those payments were something other than amounts he was already obligated to pay. (Complaint at 19, 20.) Further, although Plaintiff argues in his opposition that he incurred additional fees and penalties by withdrawing from his retirement savings to make those lump sum payments, they are not found in the complaint. Such allegations might be enough to allege detrimental reliance under *Garcia* and *Aceves*, but the facts are not alleged in the complaint as currently drafted. Therefore the motion is **GRANTED WITH LEAVE TO AMEND**.

**D.      Fraud Claim**

Plaintiff alleges that in August 2010, Wells Fargo represented it would modify the loan if he made certain monthly payments, knowing that the promise was false and Wells Fargo had no intention to keep its end of the bargain, and that it thereby intentionally defrauded and deceived him. Defendants argue that the fraud allegations are insufficiently particular and therefore do not satisfy Rule 9(b) of the Federal Rules of Civil Procedure.

The elements of a claim based upon fraud and deceit are: false representation, concealment, or nondisclosure; defendant's knowledge of the falsity; defendants' intent to induce plaintiff's reliance; plaintiff's justifiable reliance; and resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). A promise made without the intention to perform can constitute an implied misrepresentation and thus be actionable as fraud. *Id.* To comply with Rule 9(b), allegations of fraud must be specific enough to put defendants on notice of the precise nature of the misconduct such that they can defend themselves. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001); see also *First Advantage Background Services Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d

929, 942-43 (N.D. Cal. 2008) (considering Rule 9(b) requirements in context of a false promise claim).  Here, all Plaintiff only alleges that "on or about August 2010 Wells Fargo represented to Plaintiff that it would modify the subject loan if Plaintiff made certain monthly payments." (Complaint ¶ 46.)  These allegations do not specify which defendant made the misrepresentations, and lack sufficient detail as to the identity of the person who made the misrepresentations, what was said, and when.  Although Plaintiff need not plead the claim in minute detail, the current allegations are insufficient.  Thus, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND** on these grounds.

Defendants also argue the complaint does not allege a damages element because any damages would only be sums that were already due and owing under the existing mortgage.  The Court finds that the element of damages is sufficiently alleged in that Plaintiff seeks tort damages beyond the amounts due and owing.  (Complaint ¶¶ 49, 50, 51.)

**E.**         **ECOA Claim**

Plaintiff alleges that Wells Fargo encouraged him to apply for a loan modification and he was led to believe his application had been approved, but he was later informed that his application for a modification was "still with the investor" after fifteen months, which was tantamount to a denial of credit and adverse action under ECOA.  The ECOA requires that "[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. §1691(d)(2)(B).  Plaintiff alleges that he never received any written notice of the reason for the adverse action taken against him on his modification application.

Defendants argue that failure to receive a loan modification is not considered an "adverse action" within the meaning of the statute:

> the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. *Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise*

9

*in default*, or where such additional credit would exceed a previously established credit limit.

15 U.S.C. § 1691(d)(6).  Here, Defendants argue that Plaintiff was behind on his monthly payments from July 2009 to April 2010, at which time he brought himself current, but that Plaintiff fell behind again within two months.  Thus, at the key time of August 2010 when Wells Fargo allegedly agreed to a loan modification, Plaintiff was delinquent or in default.  The complaint alleges a request for modification in February 2009 and that Plaintiff kept up with his payments until June 2009.  (Complaint ¶ 15.)  It further alleges a variety of back and forth negotiations and agreements for forbearance.  It also alleges that Plaintiff made his regular payment on May 12, 2010, after bringing his loan current, at which time he asked for a permanent loan modification.  (Complaint ¶¶ 20, 21.)  The Court cannot find, as a matter of law, that Plaintiff cannot prove any set of facts entitling him to relief under the ECOA based on these allegations.  The motion to dismiss is therefore **DENIED** as to this claim.

**F.         Negligence**

With respect to his claim for negligence, Plaintiff alleges only that "Defendants, and each of them, owed a duty to Plaintiff to exercise reasonable care so as to not cause them harm," incorporating all the preceding allegations.  (Complaint at ¶60.)  "[A] financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095–96 (1991).  Plaintiff has not alleged facts that the banks here exceeded the normal scope of the role as a lender, nor does Plaintiff offer facts that it might allege to cure this deficiency.  However, the Court will permit Plaintiff to amend the claim in light of this ruling, if he is able, consistent with Rule 11.  Thus, the motion to dismiss the negligence claim is **GRANTED WITH LEAVE TO AMEND**.

### G. UCL Claim

Plaintiff alleges that Defendants committed unfair business practices by promising modifications and then declining to perform which compelled him to apply for further and less beneficial modifications in a "Bait and Switch" manner and violating ECOA. (Complaint ¶64.) Because the Court finds that the ECOA claim is sufficiently pleaded, the UCL claim derived from that alleged violation is also sufficiently alleged. The motion to dismiss is **DENIED** as to this claim.

### H. Declaratory Relief

Plaintiff alleges that there is an actual controversy as to each party's rights and obligations with respect to the loans and promised loan modification. Thus the claim appears to depend upon whether there is legal duty to enforce the loan modification as promised. Because the Court has granted the motion with respect to the breach of contract, promissory estoppel, negligence and fraud claims, as well granting the motion with respect to Defendant Bank of America generally, the underlying basis for the declaratory relief claim is insufficiently alleged as a result. Therefore, the motion is **GRANTED WITH LEAVE TO AMEND** as to the declaratory relief claim.

## CONCLUSION

Based upon the foregoing, the Motion is **GRANTED WITH LEAVE TO AMEND** as to the breach of contract, promissory estoppel, negligence, fraud, and declaratory relief claims and is **DENIED** as to the ECOA and UCL claims. Plaintiff shall file and serve his amended complaint no later than September 26, 2012. Defendants shall file and serve their responsive pleading within 15 days thereafter.

**IT IS SO ORDERED**.

Date: September 10, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**